IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL R. SMITH**                                                                 **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO.  1:17cv300-LG-RHW**

**UNITED STATES DEPARTMENT OF NAVY**
**Richard v. Spencer, Secretary**                                                    **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is [2] the *pro se* Plaintiff's motion to proceed *in forma pauperis* (IFP) case which appears to be an appeal from a decision of the EEOC Office of Federal Operations. The granting or denying of leave to proceed IFP is left to the sound discretion of the District Court.  *Willard v. U.S.*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969), *aff'd*, 422 F.2d 810 (5th Cir. 1970).  Leave to proceed *in forma pauperis* is a privilege, not a right.  *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968).

The 50-year old Plaintiff's IFP application indicates he has a total monthly income of $6428, consisting of $200 self-employment, $2102 retirement, $3180 disability and $946 other income,[1] and his wife makes $5644.83 for a total monthly household income of $12,072.83.  In addition, he states he and his wife have $85 cash, $760 in three checking accounts; a home valued at $195,000; two vehicles valued respectively at $13,279 and $8000 and other assets valued at $8000, which he later explains is a third vehicle valued at $8500.   He and his wife provide for their 18-year-old daughter.

Plaintiff lists $9541.75 total average monthly household expenses, consisting of $1380.75 rent/mortgage (including real estate taxes and insurance), $744 utilities, $200 home maintenance,

---

[1]This is apparently a VA Chapter 31 School Stipend which Plaintiff states is due to end in two months. [2, p. 6]

$650 food, $150 clothing, $60 laundry and dry cleaning, $100 medical/dental, $400 transportation, $100 recreation/entertainment, $255 motor vehicle insurance, a $445 car note, $50 business expenses, and $411 church tithes/offerings.  The application also notes Chapter 13 payments totaling $4596, and states Plaintiff has, or will, spend $47,230 for expenses/attorney fees in conjunction with the lawsuit.  The undersigned is of the opinion that the information provided indicates that Plaintiff can pay the required filing fee for his lawsuit.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the motion for leave to proceed IFP be denied as the information provided indicates Plaintiff can pay the required filing fee for his lawsuit.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After service of a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation, specifically identifying the findings, conclusions, and recommendations to which he objects.  The District Court need not consider frivolous, conclusive, or general objections.  After service of objections, opposing parties have seven days to either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did file timely objections.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 20th day of October, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE