IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL R. SMITH                                                        PLAINTIFF

v.                                                    CAUSE NO. 1:17CV300-LG-RHW

UNITED STATES DEPARTMENT OF NAVY
Richard V. Spencer, Secretary                              DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION FOR LEAVE TO PROCEED IFP

BEFORE THE COURT is the Report and Recommendation [3] of Magistrate

Judge Walker recommending that Plaintiff Smith's application to proceed in forma

pauperis in this employment discrimination case be denied.  Magistrate Judge

Walker determined that Smith had adequate income with which to pay the filing

fee.  Smith has filed an objection, which the Court reviews de novo.

"A grant of leave to proceed in forma pauperis is made by considering only a

petitioner's economic status." *Cay v. Estelle*, 789 F.2d 318, 322 (5th Cir. 1986),

overruled in part by *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (citing 28

U.S.C. § 1915(a) and *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)); *see also*

*Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1993).  The district court has wide

discretion in denying an application to proceed IFP, although it can abuse this

discretion if it relies on arbitrary or erroneous grounds.  *Hunter v.*

*Rodriguez-Mendoza*, 623 F. App'x 266, 266 (5th Cir. 2015).

Smith's IFP application references monthly income totaling $12,072.83 from

disability, retirement, self-employment, and his spouse's wages.  He lists some cash,

a $195,000 home and three vehicles with a total value of almost $30,000. He and

his wife support their eighteen-year-old daughter. Smith lists $9541.75 in monthly

household expenses, $47,230 in legal expenses associated with this lawsuit, and

Chapter 13 bankruptcy payments totaling $4596. Magistrate Judge Walker

concluded from this information that Smith had adequate funds to pay the filing

fee.

Smith objects that the income he has listed is gross; he and his spouse net

$9096 monthly after taxes. He also contends he will soon be in a negative cash flow

situation if his Chapter 13 payment plan is not modified. Nevertheless, the Court

concludes that Smith is not unable to pay filing fees, he is "in the position of having

to weigh the financial constraints posed" by going forward with this case. *See Sears,

Roebuck & Co. v. Charles W. Sears Real Est., Inc.*, 686 F. Supp. 385, 388 (N.D.N.Y.

1988). Accordingly, the Court overrules Smith's objections to the Magistrate

Judge's findings and conclusion. The Report and Recommendation will be adopted

as the findings of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and

Recommendation [3] entered by United States Magistrate Judge Robert H. Walker

is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for

Leave to Proceed In Forma Pauperis [2] is **DENIED**. Plaintiff Smith must pay the

filing fee to the Clerk of Court within thirty (30) days of the date of this Order.

Failure to do so will result in dismissal of the case.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE